MIEHLE PRINTING–PRESS & MANUFACTURING CO. v. CAMPBELL PRINTING–PRESS & MANUFACTURING CO.

(Circuit Court, N. D. Illinois, N. D. July 27, 1899.)

1. PATENTS—PRINTING MACHINES.
   The Miehle patent, No. 322,309, for improvements in printing machines, construed, and limited in view of the prior state of the art, and *held* not infringed as to claims 1, 2, and 4.

2. SAME.
   The Miehle patent, No. 317,663, for improvements in printing machines, construed, and *held* not anticipated, and valid, and also *held* infringed as to claim 1.

This was a suit in equity by the Miehle Printing-Press & Manufacturing Company against the Campbell Printing-Press & Manufacturing Company for alleged infringement of certain patents for improvements in printing machines.

Munday, Evarts & Adcock and Alexander & Dowell, for complainant.

Southgate & Southgate and Carter & Graves, for defendant.

KOHLSAAT, District Judge. The bill in this case alleges the infringement by defendant of claim 1 of patent No. 317,663, dated May 12, 1885, and of claims 1, 2, and 4 of patent No. 322,309, dated July 14, 1885, both patents having been issued to Robert Miehle,

the inventor, and by mesne assignments being now the property of complainant.

So far as the said claims of patent No. 322,309 are concerned, I hold them limited by the prior art, and especially by said patent No. 317,663, to such an extent that the requirement of "vertical" end slots named in each claim, and shown in the drawings, must be considered an essential one.    The slots shown (which are substantially the only ones complainant uses in its practical machines) are true scotch yokes.    The portion of defendant's machine which complainant claims is a slot is not vertical, but circular.    I therefore hold that claims 1, 2, and 4 of patent No. 322,309 are not infringed by defendant's machine.

Claim 1 of patent No. 317,663 reads as follows:

"In a mechanical movement, the combination of a rack frame and racks with a pinion provided with a wrist pin, which engages automatically into end slots, to properly guide the pinion with the said racks, substantially as described."

The chief fault I find with this claim is its vagueness.    It is necessary to read into it numerous limitations disclosed by the descriptive portions of the specifications to relieve it from being void for uncertainty.    However, the fact that the several mechanical contrivances named in the claim, when operated as a combination by extraneous means, accomplish a new and useful result, relieves the claim from the objection that it covers an inoperative contrivance.    The action of the slot and wrist pin does serve to "guide the pinion with the racks" at the points where the teeth of the pinion go into and out of mesh with the racks, although I am of the opinion that a more important function of the wrist pin and slot is to control the movement of the rack frame while the pinion is out of mesh with the racks.    I hold that the rack frame, racks, pinion, wrist pin, and end slots represent the minimum essentials of the invention, and that to have added any other requirements to the combination—such as means for operating the pinion in its circular or vertical motion—would have furnished others with easy opportunity for avoiding infringement.    I hold that the limitation that the racks shall face each other is impliedly a part of the claim, being covered by the clause "substantially as described," and that, even if the latter clause were missing from the claim, the result would be the same, for this limitation is disclosed in the description and drawings, and the claim must be construed thereby.    I also hold that the additional function of the slot and wrist pin, of governing the rack frame while the pinion is out of mesh with the racks, need not be stated in the claim, and that the said claim is sufficiently certain to cover the invention actually made by Miehle.    The question then arises as to the scope to be given to said claim in view of the prior art.    I find that crank motion for the purpose of progressively retarding and accelerating horizontal movement, as an adjunct to reciprocating motion, is not new in the printing art.    The Hoe patent, No. 5,200, for converting circular (or crank) motion into horizontal reciprocating motion, discloses this perhaps more satisfactorily than the other exhibits submitted. Miehle was not the first to "divide the crank in two."    That was done

by Hoe nearly 50 years ago. The pin or "spur" at either end of the lever in the Hoe machine, when engaged in the notch in the periphery of the pinion, corresponds with the wrist pin in the Miehle machine. Hoe's description states that when the spur engages said notch the movement of the racks in each direction is "finished by what is equivalent to a crank motion to arrest and start gradually the reciprocating parts, and to secure the proper presentation of the cogs of the wheel when they commence to take into the teeth of the rack with which it is to engage." The pin or spur, while engaging the notch, is held firmly therein by a semicircular bearing surface designated in the Hoe patent as a "guard plate." This guard plate corresponds to one of the sides of the slot of complainant's machine, or to one of the bearing shoulders of defendant's machine. The Hoe machine is not the only one in the prior art disclosing the use of a crank reverse, yet it most nearly, in its analogous parts, corresponds to the machines in controversy in this suit. Complainant contends, however, that this Hoe machine was not commercially practicable, and had but little, if any, public use. This contention has foundation, but it is equally true that machines made in accordance with complainant's patent, No. 317,663, if confined strictly to the model introduced in evidence, having the short end slots with stationary sides, would be open to the same criticism. Complainant contends that the Miehle invention is based upon the scotch yoke principle, as distinguished from the pitman and slide-crank movement. No authority has been presented to show that a scotch yoke has other than straight and parallel sides. Patent No. 322,309 covers the true scotch yoke principle, but 317,663 does not. The sides of the slot in the latter have cam outlines, or at most the straight sections are but an inch or two in length, and this straight portion is in such a relative position that the horizontal motion of the rack frame is at its minimum while the wrist pin is engaged by said straight portion. I do find, however, that Miehle was the first to adopt the idea of the pinion, wrist pin, and end slot for the purpose of utilizing the advantages of a crank reverse in reciprocating motion; that this mechanical combination was a distinct advance in the art; and that Miehle is entitled to the benefit of the doctrine of equivalents as to these three devices to the extent of any changes in their relative size, outlines, or proportions. I find in defendant's machine that the fact that the wrist pin (35), called a "stud," has two bearing shoulders (36 and 37), makes it none the less a wrist pin; that the reversing pinion (38) fitted on this wrist pin, and the circular rack (40), are not essential to the working of defendant's machine (although their use possibly aids in the operation thereof); that outer working shoulder (41), and collar (47), of defendant's machine, correspond respectively to the outer and inner sides of the slot of complainant's machine; and that the fact that these two bearing shoulders are not in the same plane makes the space between them through which passes the double-shouldered wrist pin none the less a slot. While defendant's machine may be an improvement on that shown in patent No. 317,663, yet the latter covers a pioneer invention. The principle of the movement was there, and it was to be expected that a more perfect

utilization of the principle would be attained by those skilled in the art who might follow in Miehle's footsteps. I therefore hold that the combination described in claim 1 of patent No. 317,663 is infringed by defendant's machine. I also hold that, in view of the circumstances of the case, the action of the patent office, and the wording of the specifications of patent No. 304,345, granted to Miehle September 2, 1884, the latter patent cannot be held to invalidate patent No. 317,663. Complainant may prepare a decree based on infringement of claim 1 of patent No. 317,663. The bill is dismissed as to patent No. 322,309.